**REPUBLIC FINANCE COMPANY,
Appellant,**

v.

**Willard LEMUEL et ux., Appellees.**

**No. 11283.**

Court of Civil Appeals of Texas.

Austin.

April 14, 1965.

Dullin D. Dodd, Austin, for appellant.

Maynard & McMurrey, Bastrop, for appellees.

HUGHES, Justice.

This suit was brought by Republic Finance Company, appellant, against Willard Lemuel and wife, Olivia, to recover the balance alleged to be due on a promissory note executed by appellees to Helen D. Nohra secured by a chattel mortgage on a 1959 Oldsmobile automobile, such note and mortgage having been assigned to appellant. The note was for $1,598.40, payable in monthly installments of $67.00 each, except the last one which was for $57.40, commencing March 1, 1961. The first eight [1] payments on the note were paid on or before the tenth of the month. The ninth installment due November 1, 1961 was not paid and on the eighth of November 1961, appellant went to appellees' home, took possession of the car and later sold it, crediting appellees' note with the proceeds of the sale. This left a balance due on the note of $463.-19, for which amount, plus attorney's fees, appellant sought judgment.

Appellees' defense to this suit was that before the note became delinquent they entered into an agreement with appellant that they would surrender the car to it for the cancellation or release of their note.

In a nonjury trial, judgment was rendered for appellees.

1. Whether seven or eight payments were made is not clear.

The trial court made the following relevant findings of fact:

"7. Defendants were good paying clients until their visit to plaintiff's office relative to turning back the car.

"8. Before default in payment of November of 1961 defendants orally offered to return the Olds to Republic as consideration for the cancellation of the note.

"9. On November 8, 1961, plaintiff's agent came for the Olds, which was on defendant's property and drove the car away.

"10. The Olds was driven away under its own power and was not pulled away.

"11. On November 8, 1961, when plaintiff's agent received the Olds, defendant, Willard Lemuel, demanded the papers for the car but was told that the instruments would have to come from the office after the car had been returned to them in Austin, Texas.

"12. When defendants failed to hear anything from Republic for over five months, they assumed everything had been settled satisfactorily."

The court concluded that a valid agreement was made between the parties under which the car was returned in consideration of the promise to release the note, and that appellant was not entitled to recover.

The narrative statement of facts contains the following testimony of appellee, Mr. Lemuel:

"The car was bought from Helen D. Nohra in Austin, Travis County, Texas, on February 23, 1961. Thereafter, the note and chattle mortgage having been purchased by Republic Finance Company, monthly payments were made to Republic Finance Company. These payments were made regularly on or before the 10th of each month. My wife and I, after discussing the matter between us of our recent illnesses, decided that this additional car was too great a financial burden at this time and it was decided that we would return the car to Republic, in order to relieve ourselves of this debt. Thereafter, and I believe before the November payment was due, we made a trip to Austin and the Office of Republic Finance Company and offered to return the Olds to the finance company. There was a discussion in the office at this time and it was understood that if I returned the car the matter would be considered closed. On or about November 8, 1961, a man from the finance company came for the Oldsmobile which was on my property with the keys in it; and after talking with me, drove the car away. The Olds was driven away under its own power and was not pulled away. At this time when the finance company's man came for the Olds I asked for the papers on the car and was told that they would have to come from the office after the car had been returned to them in Austin, Texas. I never heard from the finance company except maybe on one occasion and I never answered this letter nor did I think to inquire any further about the matter or the papers. The first I really knew of any demands from the finance company demanding anything in addition to the car was when this suit was filed against me."

Appellant has three points of error the substance of which is that no valid contract releasing the note executed by appellees is shown for the reason that such contract, if made, was without consideration to support it.

We find that there is ample consideration to support the agreement. The evidence justifies the conclusion that the agreement to surrender the car in return for cancellation of the note was made prior to any default by appellees on the note. Appellees gave up the right to complete their purchase of the car and they also gave up their potential equity in the car. Appellants re-

ceived this equity as consideration for its agreement to cancel the note. Thus it appears that appellees have sustained a legal detriment and appellant has received a legal benefit. There being both a benefit to the promisor and a detriment to the promisee, the requirement of a consideration for the agreement is doubly supported. See Contracts; 13 Tex.Jur.2d Sec. 46; Contracts, 17 Am.Jur.2d Sec. 96.

The judgment of the trial court is affirmed.

Affirmed.